UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Docket No.:
ANGELA JOSEPH,

                                                  Plaintiff,      **COMPLAINT**

        -against-

                                **PLAINTIFF DEMANDS**
MIKE & MCRAE CONSTRUCTION SERVICES LLC, **A TRIAL BY JURY**
ANDY MCRAE, KEITH MCRAE, ANTHONY
DURBANO, AND AMENDOLA MARBLE & STONE
CENTER, INC.,

                                               Defendants.
------------------------------------------------------------------------X

      Plaintiff, ANGELA JOSEPH, by her attorney, JESSICA MASSIMI, hereby complains of the Defendants, upon information and belief, as follows:

## NAUTE OF THE CASE

1. Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII")), the <u>New York State Human Rights Law</u>, New York State Executive Law § 296, *et seq.* ("NYSHRL"); the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-502(a), *et seq.* ("NYCHRL"), and New York State Common Law; and seeks damages to redress the injuries Plaintiff has suffered as a result of being sexually assaulted, sexually harassed, discriminated against on the basis of her sex, gender, status as a woman, and retaliated against by the Defendants solely for objecting to this discrimination. Plaintiff also brings this claim for assault and battery.

## VENUE AND JURISDICTION

2. Venue is properly laid, pursuant to 28 U.S.C. § 1391, et seq., in the Southern District of New York, where the majority of the actions complained of herein occurred at 42 Liberty Street, New York, NY 10045.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, Title VII.

4. Plaintiff respectfully requests that the Court exercise supplemental jurisdiction over Plaintiff's state law claims of assault and battery because the facts giving rise to all federal and state causes of action alleged herein are based on a common nucleus of operative facts.

5. Plaintiff timely filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC"), on July 20, 2021.

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated November 10, 2021, with respect to the herein charges of discrimination.

7. This action is commenced within 90 days of receipt of said Right to Sue.

8. Defendants MIKE & MCRAE CONSTRUCTION SERVICES LLC ("MIKE & MCRAE ") AND AMENDOLA MARBLE & STONE CENTER, INC. ("AMENDOLA") employ more than 15 employers and were joint employers at all relevant times mentioned herein.

## PARTIES

9. At all relevant times mentioned herein, Defendant MIKE & MCRAE, was and is a foreign limited liability company doing business in the state of New York.

10. At all relevant times, Plaintiff, ANGELA JOSEPH, was an employee of MIKE & MCRAE.

11. In or around September 3, 2019, JOSEPH began working for DEFENDANT MIKE & MCRAE as a Laborer and at pay rate of $16.00 per hour for 40 hours per week.

12. In or around November 2020, MIKE & MCRAE promoted JOSEPH to Hoist Operator and began paying her $17.50 per hour for 40 hours per week of work.  This was JOSEPH'S title and pay rate at the time her employment with MIKE & MCRAE ended.

13. In or around February 2021, JOSEPH began working for MIKE & MCRAE at a job site at 42 Trinity Place in Manhattan, which was also staffed by Defendant AMENDOLA, who supplied foreman to whom Plaintiff reported.

14. Defendant KEITH MCRAE is and was the owner of Defendant MIKE & MCRAE, was Plaintiff's supervisor, and had the authority to alter the terms and conditions of Plaintiff's employment.

15. Defendant ANDY MCRAE is an was the owner of Defendant MIKE & MCRAE, was Plaintiff's supervisor, and had the authority to alter the terms and conditions of Plaintiff's employment.

16. At all relevant times mentioned herein, Defendant AMENDOLA, was a domestic business corporation authorized to do business in the state of New York.

17. Defendant ANTHONY DURBANO worked for Defendant AMENDOLA as a foreman.

## MATERIAL FACTS

18. In or around September 3, 2019, JOSEPH began working for DEFENDANT MIKE & MCRAE as a Laborer and at pay rate of $16.00 per hour for 40 hours per week.

19. In or around November 2020, MIKE & MCRAE promoted JOSEPH to Hoist Operator and began paying her $17.50 per hour for 40 hours per week of work.  This was JOSEPH'S title and pay rate at the time her employment with MIKE & MCRAE ended.

20. In or around February 2021, JOSEPH began working for MIKE & MCRAE at a job site at 42 Trinity Place in Manhattan.

21. At this time, Defendant ANTHONY DURBANO began severely sexually harassing JOSEPH. As detailed herein, the sexual harassment was constant, severe, increasing in severity, and eventually culminated in DURBANO threatening to kill JOSEPH.

22. DURBANO works for AMENDOLA, as a foreman.

23. DURBANO'S sexual harassment of JOSEPH included, but was not limited to, the following:

    - DURBANO would come to the hoist where JOSEPH was working. DURBANO would stand behind JOSEPH with his arm around JOSPEH'S neck and press his belly against JOSEPH from behind;
    - DURBANO would rub JOSEPH'S back;
    - DURBANO would massage JOSEPH'S neck;
    - DURBANO touched JOSEPH'S breast.

24. All of this and other sexual harassment was unwanted and JOSEPH never encouraged it.

25. All of this and other sexual harassment was unwelcome and extremely distressing to JOSEPH.

26. JOSEPH repeatedly and consistently asked DURBANO to stop touching and harassing her.

27. In response, DURBANO would laugh at JOSEPH, mock her, dance around her, and continue harassing and assaulting her.

28. DURBANO'S sexual harassment of JOSEPH was frequently done in front of other co-workers such as Steven Campbell, Ty, TJ, Shavan, and Trinity.

29. JOSEPH does not currently know the last names of Ty, TJ, Shavan, and Trinity.

30. On or about, May 14, 2021, JOSEPH complained of the sexual harassment to her supervisor and foreman, ANDY MCRAE.

31. JOSEPH told MCRAE that DURBANO was sexually harassing her by touching her and rubbing her back and shoulders in front of other workers. JOSEPH also told MCRAE that DURBANO touched her breast.

32. MCRAE responded by telling JOSEPH that he would try to speak to DURBANO.

33. However, MCRAE made no real effort to perform a formal investigation nor to take any steps to stop the egregious sexual harassment by DURBANO against JOSEPH.

34. MIKE & MCRAE, MIKE MCRAE, and KEITH MCRAE were responsible for ensuring a safe and non-discriminatory work environment.

35. DURBANO continued sexually harassing JOSEPH.

36. On May 18, 2021, JOSEPH again complained to ANDY MCRAE and informed him that DURBANO was sexually harassing her.

37. ANDY MCRAE appeared annoyed that JOSEPH was again complaining of sexual harassment and dismissively told JOSEPH, in sum and substance, that he had already spoken to DURBANO.

38. ANDY MCRAE did not make any effort to take any further steps to stops the ongoing sexual harassment by DURBANO against JOSEPH.

39. On or about May 26, 2021, Trinity told JOSEPH that DURBANO was telling people that he was going to kill JOSEPH.

40. Upon information and belief, a coworker of JOSEPH'S told KEITH MCRAE, owner of DEFENDANT MIKE&MCRAE, of DURBANO'S threats to kill JOSEPH.

41. Upon information and belief, KEITH MCRAE, told Trinity about DURBANO'S threat to kill JOSEPH, and Trinity in turn informed JOSEPH.

42. KEITH MCRAE, however, did nothing to stop of intervene in the ongoing sexual harassment against Plaintiff though it was his duty and obligation as an employer to do so.

43. On May 26, 2021, for the third time, JOSEPH then went to ANDY MCRAE and again complained of DURBANO'S sexual harassment and this time JOSEPH informed ANDY MCRAE that DURBANO was now threatening to kill her. Fearing for her life, JOSEPH asked ANDY MCRAE to move her to a different job site.

44. In response to JOSEPH'S complaint and request, ANDY MCRAE told JOSEPH that he would not move her to another job site.

45. No one from DEFENDANT MIKE & MCRAE or DEFENDANT AMENDOLA did anything to intervene regarding JOSEPH'S complaints against DURBANO.

46. Thus, still fearing for her life in light of DURBANO'S threats to kill JOSEPH, JOSEPH was forced to resign from her position with DEFENDANT MIKE & MCRAE.

47. As such, DEFENDANTS subjected Plaintiff to a hostile work environment, to severe and pervasive sexual harassment and gender discrimination, and constructively terminated JOSEPH.

48. Thus, the DEFENDANTS subjected JOSEPH to retaliation in the form of adverse employment actions for her complaints of discrimination and harassment against DURBANO by refusing to provide her with a job transfer thereby placing her life in danger. In so doing, Defendants continually sent the message that harassment, discrimination, and assault of Plaintiff would be tolerated and would go unpunished.

49. DEFENDANTS' termination of JOSEPH constitutes discrimination on the basis of her gender.

50. DEFENDANTS' termination of JOSEPH constituted retaliation for her complaints of discrimination and sexual harassment.

51. Upon information and belief, JOSEPH'S performance was above average during the course of her employment with DEFENDANT.

52. Upon information and belief, DEFENDANTS terminated JOSEPH'S employment by forcing her to resign solely because of her status as a woman and her complaints of sexual harassment.

53. Thus, in addition to discrimination against JOSEPH, DEFENDANTS also subjected JOSEPH to illegal and ongoing retaliation involving all of the above-described conduct up to and including her constructive termination and forced resignation.

54. JOSEPH felt offended, disturbed, threatened, and humiliated by the blatantly unlawful and discriminatory and retaliatory termination.

55. But for the fact that JOSEPH'S gender, DEFENDANTS would not have treated JOSEPH differently and would not have terminated her employment.

56. JOSEPH has been unlawfully discriminated and retaliated against, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

57. DEFENDANTS' actions and conduct were intentional and intended to harm JOSEPH.

58. As a result of the acts and conduct complained of herein, JOSEPH has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and JOSEPH has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. JOSEPH further experienced emotional and physical distress.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
(Against Defendants Mike & McRae and Amendola)

59. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

60. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against sexual harassment, discrimination in employment based, in whole or in part, upon an employee's sex and gender.

61. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. Section 2000e et seq. by sexually harassing Plaintiff, and discriminating against Plaintiff because of her sex/gender.

62. As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
(Against Defendants Mike & McRae and Amendola)

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-3(a) provides it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

65. Defendants retaliated against Plaintiff as described above.

66. Defendants baselessly subjected Plaintiff to adverse employment actions prohibited by this statute.

67. Defendants had no valid business justification for the retaliatory and abusive action taken against Plaintiff following her engagement in protected activity.

68. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

69. As such, Plaintiff has been damaged as set forth herein.

### AS A THIRD CAUSE OF ACTION
### FOR SEX AND GENDER DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
(Against all Defendants)

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. The New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

72. Defendants violated the section cited herein as set forth above.

73. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

74. As such, Plaintiff has been damaged as set forth herein.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
(Against the Individual Defendants Only)

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

76. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

77. The Individual Defendants violated the section cited herein as set forth.

78. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

79. As such, Plaintiff has been damaged as set forth herein.

### AS A FIFTH CAUSE OF ACTION FOR RETALIATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
(Against all Defendants)

80. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

81. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter."

82. Defendants violated the section cited herein as set forth for Plaintiff's complaint of and objection to discrimination as described above.

83. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

84. As such, Plaintiff has been damaged as set forth herein.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
## <u>VICARIOUS LIABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</u>
(Against Defendants Mike & McRae and Amendola)

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

86. NYCHRL § 8-107(13) is entitled "Employer liability for discriminatory conduct by employee, agent or independent contractor." It provides

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.
> c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

87. Defendants violated the section cited herein as set forth.

88. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

89. As such, Plaintiff has been damaged as set forth herein.

## AS A SEVENTH CAUSE OF ACTION
## FOR SEX AND GENDER DISCRIMINATION
## <u>UNDER THE NEW YORK STATE EXECUTIVE LAW</u>
(Against all Defendants)

90. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

91. <u>New York State Executive Law</u> § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's . . . age, race, creed, color, national origin, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

92. Defendants violated the section cited herein as set forth.

93. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

94. As such, Plaintiff has been damaged as set forth herein.

## AS AN EIGHTH CAUSE OF ACTION FOR RETALIATION
## <u>UNDER THE NEW YORK STATE EXECUTIVE LAW</u>
(Against all Defendants)

95. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

96. <u>New York State Executive Law</u> § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

12

97. Defendants violated the section cited herein as set forth.

98. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

99. As such, Plaintiff has been damaged as set forth herein.

### AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER NEW YORK STATE EXECUTIVE LAW
(Against the Individual Defendants)

100. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

101. New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

102. The Individual Defendants violated this statute as set forth.

103. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

104. As such, Plaintiff has been damaged as set forth herein.

### AS A TENTH CAUSE OF ACTION
### AGAINST DEFENDANT ANTHONY DURBANO
### FOR ASSAULT AND BATTERY OF PLAINTIFF

105. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

106. Defendant ANTHONY DURBANO subjected Plaintiff to assault and battery as described herein.

107. As such, Plaintiff has been damaged as set forth herein.

## AS AN ELEVENTH CAUSE OF ACTION
## AGAINST DEFENDANTS MIKE & MCRAE AND AMENDOLA
## FOR NEGLIGENCE

108. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

109. That at all times hereinafter mentioned, the Defendants MIKE & MCRAE and AMENDOLA assumed responsibility, supervision, and authority over the their employees and their agents, servants and employees, including but not limited to the Individual Defendants, and are liable to Plaintiff for the intentional, reckless, and negligent acts complained of herein under the theories of vicarious liability and *respondeat superior*.

110. The acts complained of herein resulted from the Defendants MIKE & MCRAE and AMENDOLA, through their agents, servants, and employees, breaching its duty to properly assign, train, supervise or discipline their employees and provide for the safety of their employees.

111. The Defendants MIKE & MCRAE and AMENDOLA failure to properly assign, train, supervise or discipline its employees, including the personnel involved herein, constitutes acquiescence in, and tolerance of, ongoing illegal conduct and created the atmosphere allowing defendants to believe they could, with impunity, all Plaintiff to be sexually assaulted and harassed.

112. By reason of the foregoing, Defendants MIKE & MCRAE and AMENDOLA, its agents, servants and employees, including but not limited to the Individual Defendants, were negligent in that they failed and refused to use such care in the performance of their duties as reasonably prudent employees would have used under similar circumstances.

113. As a result of the foregoing, Plaintiff suffered physical injuries, conscious pain and suffering, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her rights.

114. Plaintiff is entitled to the maximum amount allowed under the law.

## JURY DEMAND

115. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), 42 U.S.C. Section 1983, the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et seq.* ("NYCHRL"); in that Defendants sexually harassed Plaintiff, discriminated against Plaintiff on the basis of her sex, gender, status as a woman, and that Defendants retaliated against Plaintiff solely for her objecting to Defendants' discrimination.

B. Also declaring that the Defendants damaged Plaintiff by way of Defendants' negligence, *respondeat superior*, assault, and battery.

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination, retaliation, and conduct and to otherwise make her whole for any losses suffered because of such unlawful employment practices and conduct;

D. Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

15

E.     Awarding Plaintiff punitive damages;

F.     Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

G.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: Brooklyn, New York
November 22, 2021

JESSICA MASSIMI, ESQ.

By: *Jessica Massimi*
99 Wall Street, Suite 1264
New York, NY 10005
jessica.massimi@gmail.com
646-241-9800